ROBERT A. ANDERSON AND ROBERT P. ALLEN

v.

WILLIAM THIELE, Sr.

*Real Property—Drainage—Embankment—Evidence—Instructions.*

In an action brought to recover for injury to farm land through the building of an embankment, whereby its drainage was obstructed, this court declines, in view of the evidence, to interfere with the verdict for the plaintiff.

[Opinion filed January 24, 1891.]

APPEAL from the Circuit Court of Pike County; the Hon. C. J. SCOFIELD, Judge, presiding.

Anderson v. Thiele.

Messrs. Orr & Crawford and Edward Yates, for appellants.

Messrs. W. E. Williams and A. Beavers, for appellee.

Wall, J. Appellee recovered a judgment for $195 against appellants in an action on the case. The ground of complaint was that the appellants had erected a levee or embankment along the line, dividing their land from that of the appellee, whereby the natural course of drainage was obstructed and the land of appellee was injured, crops were damaged, etc. The defense was that the appellee had made an artificial ditch or water-course on his land whereby water in greatly increased quantity was thrown upon the land of appellants and that to to protect themselves against such increase they built the earthwork in question. The appellee contended that he was not responsible for the so-called artificial ditch or water-course, because it was the result of natural causes and that the obstruction complained of not only affected the flow in said channel, but prevented the passage of water in a diffused state over a wide stretch of land (having no connection with said channel) where, from the natural condition of the surface, the flow was from the premises of appellee to and upon the premises of appellants.

Upon these contentions the evidence was somewhat in conflict, but the jury were fully justified in finding the issues for the plaintiff. The damages allowed are not excessive. The chief objection urged by appellants is as to the action of the court in giving the first, second, fifth, sixth and seventh instructions asked by the plaintiff. We think there was no error in this respect. As to the first, second and fifth, the main criticism is that they are misleading and that they ignore the theory of the defense; but it is apparent, when they are read along with the other instructions given at the instance of the plaintiff and those given for the defendants, that there is nothing substantial in this complaint. The sixth instruction announces a correct legal proposition as to the effect and competency of certain declarations of a witness not a party to the suit.

It is insisted also that the court erred in refusing a number of instructions asked by defendants, but the specific ground of this objection is not pointed out. We find on examination that the court did give a large number of instructions asked by defendants, occupying nearly ten pages of the printed abstract, fully covering all points necessary for the defense, and we are satisfied that if there was any error in this respect it was against the plaintiff. Cross-errors have been assigned by appellee relating to the action of the court in admitting and excluding evidence and in giving and refusing instructions, the argument being confined in the main to the latter. Whatever errors may have been committed against the appellee he was not prevented from recovering a verdict which he reduced by remitting the sum of $5, leaving the amount for which judgment was rendered in his favor. At the close of appellee's brief we find, after a full discussion of the errors and cross-errors, a declaration that the judgment ought to be affirmed, from which we infer that appellee is satisfied with the judgment and does not seek the ruling of this court upon the cross-errors unless the judgment should be reversed on some of the errors assigned by appellants.

We are of opinion that substantial justice has been done and that the judgment of the Circuit Court should be affirmed.

*Judgment affirmed.*